# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE:<br>HARRIET E. SALLEY<br>    Debtor | Case No. 20-33649-KRH<br><br>Chapter 13 |

U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE
OF CITIGROUP MORTGAGE LOAN
TRUST 2018-RP3
    Movant
v.
HARRIET E. SALLEY
    Debtor/Respondent
and
SUZANNE E. WADE
    Trustee/Respondent

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the court on December 30, 2020 on the motion of U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-RP3 (the "Movant") for relief from the automatic stay with respect to the real property located at 6647 Wexford Lane, Richmond, VA 23225 (the "Property") and more particularly described as follows:

> ALL that certain lot of land with all improvements thereon and appurtenances thereto belonging, lying and being in the City of Richmond (formerly in the County of Chesterfield), Virginia, known and designated as Lot 54, Plan of Granite Hills, which plan is recorded in the Clerk's Office of the Circuit of Chesterfield County, Virginia, in Plat Book 8, page 98, reference to which plat is hereby made for a more particular description of said property.
>
> The improvements thereon being known as 6647 Wexford Lane, Richmond, VA 23225.

Upon consideration of which, it is

    **ORDERED:**

1. The Debtor will resume making regular monthly installment payments in the amount of $1,342.09 (subject to adjustment due to interest rate changes or escrow changes) as they become due commencing on August 1, 2021. Late payments will include applicable late charges

---

Lauren S. Hunt, VSB# 92916
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (Phone)
*Counsel for the Movant*

in the amount of $0.00 (subject to change due to adjustments of the monthly principal and interest payment).

2. The Debtor will cure the post-petition arrearage currently due to the Movant through July 1, 2021 in the total amount of $14,600.99, which includes 10 post-petition monthly payments due from October 1, 2020 through July 1, 2021 in the amount of $1,342.09 each, filing fees of $188.00, attorney's fees of $1,050.00, and credit for funds currently in suspense in the amount of $57.91, by applying for and submitting all necessary information and documentation necessary to be considered for a written modification of the terms of the promissory note secured by the movant's deed of trust encumbering the Property. The Debtor must file the appropriate pleadings with the court and obtain court approval of the terms of any loan modification agreement within 120 days of the entry of this order in accordance with Local Rule 6004-4. Any loan modification agreement reached between the Movant and the Debtor shall be considered valid only after it has been approved by order of the court.

3. In the event that any payment set forth in this order is not received by the Movant within 15 days after it is due and/or in the event that, 120 days from the date of the entry of this order, the loan modification has not been completed, the Debtor's application for a loan modification has been denied, or the Debtor has not obtained court approval of the terms of a loan modification agreement, the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the Trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

   a. That the Debtor is in default in making at least one payment required under this order and/or in timely obtaining court approval of the loan modification agreement and is currently post-petition delinquent;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the Debtor or Trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i. cure the default;
      ii. file an objection with the court stating that no default exists; or
      iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the Debtor; and
   f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

   If the Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtor nor the Trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

   If the Debtor or Trustee files an objection, the Movant must set the matter for hearing

and give notice of the hearing to the Debtor, Debtor's counsel and the Trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorney's fees in the amount of $100.00 for issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Richmond, Virginia

Date: Aug 16 2021

/s/ Kevin R Huennekens
United States Bankruptcy Judge

Entered on Docket: Aug 17 2021

**WE ASK FOR THIS:**

/s/ Lauren S. Hunt
Lauren S. Hunt, VSB# 92916
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
*Counsel for the Movant*

**SEEN AND AGREED:**

  /s/ Jeanne E. Hovenden
_____
Jeanne E Hovenden, Esq.
9830 Lori Road
P.O. Box 1839
Chesterfield, VA 23832
*Counsel for the Debtor*


**SEEN:**

   /s/ Suzanne E. Wade
_____
Suzanne E. Wade, Trustee
7202 Glen Forest Drive, Ste. 202
Richmond, VA 23226
*Chapter 13 Trustee*


# **CERTIFICATION**

The undersigned certifies that:

1. The foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Standing Order No. 10-2 and that no modification, addition, or deletion has been made WITH THE EXCEPTION OF THE FOLLOWING:

    a. Paragraph 2 of the order has been modified to include a detailed accounting of the post-petition arrearage owed to the Movant; and

    b. Paragraph 3 of the order has been modified to include an additional stipulation providing that the debtor's failure to timely obtain a Loan Modification, in accordance with the requirements set forth in paragraph 2 herein, shall be considered an event of default under the terms of this order; and

2. The foregoing Consent Order Modifying Automatic Stay has been endorsed by or on behalf of all necessary parties and counsel herein pursuant to Local Rule 9022-1.

                                                   /s/ Lauren S. Hunt
                                                 _____
                                                 Lauren S. Hunt
                                                 BWW Law Group, LLC
                                                 *Counsel for the Movant*


cc:

Suzanne E. Wade, Trustee
7202 Glen Forest Drive, Ste. 202

Richmond, VA 23226

Jeanne E Hovenden, Esq.
9830 Lori Road
P.O. Box 1839
Chesterfield, VA 23832

Harriet E. Salley
4932 Topping Lane
Glen Allen, VA 23060