UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

CHAPTER 13 PLAN - AMENDED
AND RELATED MOTIONS

Name of Debtor(s): **Harriet E Salley**  Case No: **20-33649-KRH**

This plan, dated **1-10-22**, is:

☐ the *first* Chapter 13 plan filed in this case.
■ a modified Plan, which replaces the
☐ confirmed or ■ unconfirmed Plan dated **9-14-20**.

Date and Time of <u>Modified Plan</u> Confirmation Hearing:
**February 23, 2022 at 11:10**
Place of <u>Modified Plan</u> Confirmation Hearing:
**Courtroom 5000, 701 E. Broad Street Richmond VA 23219**

The Plan provisions modified by this filing are:
**1. Payments modified to cover estimated balance of loan to W. Harold Talley LLC after sale of 5200 Cambpell that also secures the second mortgage on 6647 Wexford Lane. Change is payments also reflects the effect of the loan modificaiton on 1st mortgage on 6647 Wexford Lane loan.**

Creditors affected by this modification are:
**all**

## 1. Notices

**To Creditors:**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.**

**(1) Richmond and Alexandria Divisions:**
The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.
**(2) Norfolk and Newport News Divisions:** a confirmation hearing will be held even if no objections have been filed.
   (a) A scheduled confirmation hearing will not be convened when:
      (1) an amended plan is filed prior to the scheduled confirmation hearing; or
      (2) a consent resolution to an objection to confirmation anticipates the filing of an amended plan and the objecting party removes the scheduled confirmation hearing prior to 3:00 pm on the last business day before the confirmation hearing.

In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance.

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ■ Not included |
| C. | Nonstandard provisions, set out in Part 12 | ☐ Included | ■ Not included |

Page 1

2.  **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of **$2,155.79 per month for 14 months, then $3,224.14 per month for 46 months**.

Other payments to the Trustee are as follows:

The total amount to be paid into the Plan is $ __**178,491.50**__ .

3.  **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.  **Administrative Claims under 11 U.S.C. § 1326.**

        1.  The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

        2.  Check one box:

■ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $__**3,834.00**__, balance due of the total fee of $__**5,484.00**__ concurrently with or prior to the payments to remaining creditors.

☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

    B.  **Claims under 11 U.S.C. § 507.**

        The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

    C.  **Claims under 11 U.S.C. § 507(a)(1).**

        The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

4.  **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

        A.  **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.**
The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

        B.  **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

### C. Adequate Protection Payments.

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

### D. Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| -NONE- | | | | |

### E. Other Debts.

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

## 5. Unsecured Claims.

### A. Not separately classified.
Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __2__%. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0.24__%.

### B. Separately classified unsecured claims.

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

## 6. Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).

### A. Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.
The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Fay Servicing Llc** | **4932 Topping Lane Glen Allen, VA 23060  Henrico County POC 4** | **4,669.49** | **86,722.93** | **0%** | **58months** | **Prorata** |
| **Fay Servicing Llc** | **6647 Wexford Lane Richmond, VA 23235  Richmond City County POC 6 Tax assessed at $200,000.  Recent appraisal came in at $288,000.** | **1,355.00** | **0.00** | **0%** | **0months** | |

    **B.**    **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| **W. Harold Talley LLC** | **6647 Wexford Lane Richmond, VA 23235 Richmond City County Tax assessed at $200,000. Recent appraisal came in at $288,000.** | **0.00** | **50,000.00** | **10%** | **1,129.90 58months** |

    **C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| -NONE- | | | | |

**7.**    **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

    **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

    **B.**    **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

**8.**    **Liens Which Debtor(s) Seek to Avoid.**

    **A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

creditor's lien. If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| -NONE- | | | | |

    **B.**     **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **BCMB 1 Trust** | **Agreement** | **4932 Topping Lane Glen Allen, VA 23060 Henrico County** | |

9. **Treatment and Payment of Claims.**
   - All creditors must timely file a proof of claim to receive any payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
   - If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
   - Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

10. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

11. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

12. **Nonstandard Plan Provisions**

    ■ **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Dated: **1/10/2022**

**/s/ Harriet E Salley**
**Harriet E Salley**
Debtor

**/s/ Jeanne E. Hovenden, Esq. VSB #**
**Jeanne E. Hovenden, Esq. VSB # 37249**
Debtor's Attorney

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:** **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

I certify that on **1-10-22**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Jeanne E. Hovenden, Esq. VSB #**
**Jeanne E. Hovenden, Esq. VSB # 37249**
Signature

**9830 Lori Road**
**P.O. Box 1839**
**Chesterfield, VA 23832**
Address

**804-706-1355**
Telephone No.

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on **1-10-22** true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

☒ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

☐ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

**/s/ Jeanne E. Hovenden, Esq. VSB #**
**Jeanne E. Hovenden, Esq. VSB # 37249**

Fill in this information to identify your case:

Debtor 1: **Harriet E Salley**

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: **EASTERN DISTRICT OF VIRGINIA**

Case number (If known): **20-33649-KRH**

Check if this is:

☑ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income                                                   12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   |  | **Debtor 1** | **Debtor 2 or non-filing spouse** |
   |---|---|---|
   | **Employment status** | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
   | **Occupation** | sales |  |
   | **Employer's name** | Harriet Sales Auto Group LLC |  |
   | **Employer's address** | 4009 Mechanicsville Tpke<br>Richmond, VA 23223 |  |
   | **How long employed there?** | 2011 |  |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ **5,000.00** | $ **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ **0.00** | +$ **N/A** |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. $ **5,000.00** | $ **N/A** |

Official Form 106I                                      **Schedule I: Your Income**                                      page 1

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 5,000.00 | $ N/A |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 + | $ N/A |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ 0.00    $ N/A

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $ 5,000.00    $ N/A

8. **List all other income regularly received:**

   8a. **Net income from rental property and from operating a business, profession, or farm**
   Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.    $ 1,219.00    $ N/A

   8b. **Interest and dividends**    8b.    $ 0.00    $ N/A

   8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
   Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.    $ 0.00    $ N/A

   8d. **Unemployment compensation**    8d.    $ 0.00    $ N/A

   8e. **Social Security**    8e.    $ 0.00    $ N/A

   8f. **Other government assistance that you regularly receive**
   Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
   Specify:    8f.    $ 0.00    $ N/A

   8g. **Pension or retirement income**    8g.    $ 0.00    $ N/A

   8h. **Other monthly income.** Specify: Son's contribution    8h.+    $ 2,000.00 +    $ N/A
          **Housemate's Contribution**    $ 2,000.00    $ N/A

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ 5,219.00    $ N/A

10. **Calculate monthly income.** Add line 7 + line 9.    10.    $ 10,219.00 + $ N/A = $ 10,219.00
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify:    11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12.    $ 10,219.00
    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

    ■ No.
    ☐ Yes. Explain:

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Harriet E Salley |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | 20-33649-KRH |

Check if this is:

■ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

# Official Form 106J
## Schedule J: Your Expenses   12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
   
   ☐ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**  ☐ No
   Do not list Debtor 1 and Debtor 2.  ■ Yes. Fill out this information for each dependent..............
   Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| housemate's son | 28 | ☐ No  ■ Yes |
| Son | 30 | ☐ No  ■ Yes |
| housemate | 65 | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ☐ No
   ■ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.   4. $ **4,669.49**

   **If not included in line 4:**

   4a. Real estate taxes   4a. $ **0.00**
   4b. Property, homeowner's, or renter's insurance   4b. $ **0.00**
   4c. Home maintenance, repair, and upkeep expenses   4c. $ **190.00**
   4d. Homeowner's association or condominium dues   4d. $ **20.00**
5. **Additional mortgage payments for your residence,** such as home equity loans   5. $ **0.00**

| Debtor 1 | Harriet E Salley | Case number (if known) | 20-33649-KRH |
|---|---|---|---|

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ **600.00**
   - 6b. Water, sewer, garbage collection — 6b. $ **200.00**
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ **500.00**
   - 6d. Other. Specify: — 6d. $ **0.00**
7. **Food and housekeeping supplies** — 7. $ **800.00**
8. **Childcare and children's education costs** — 8. $ **0.00**
9. **Clothing, laundry, and dry cleaning** — 9. $ **150.00**
10. **Personal care products and services** — 10. $ **200.00**
11. **Medical and dental expenses** — 11. $ **100.00**
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ **0.00**
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ **100.00**
14. **Charitable contributions and religious donations** — 14. $ **0.00**
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ **0.00**
    - 15b. Health insurance — 15b. $ **0.00**
    - 15c. Vehicle insurance — 15c. $ **0.00**
    - 15d. Other insurance. Specify: — 15d. $ **0.00**
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: — 16. $ **0.00**
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ **0.00**
    - 17b. Car payments for Vehicle 2 — 17b. $ **0.00**
    - 17c. Other. Specify: — 17c. $ **0.00**
    - 17d. Other. Specify: — 17d. $ **0.00**
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $ **0.00**
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ **0.00**
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property — 20a. $ **0.00**
    - 20b. Real estate taxes — 20b. $ **0.00**
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ **0.00**
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ **0.00**
    - 20e. Homeowner's association or condominium dues — 20e. $ **0.00**
21. **Other:** Specify: misc — 21. +$ **200.00**

22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ **7,729.49**
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ **7,729.49**

23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ **10,219.00**
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ **7,729.49**
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. — 23c. $ **2,489.51**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    - ■ No.
    - ☐ Yes. Explain here:

| Label Matrix for local noticing<br>0422-3<br>Case 20-33649-KRH<br>Eastern District of Virginia<br>Richmond<br>Mon Jan 10 12:54:33 EST 2022 | Fay Servicing, LLC<br>c/o McCalla Raymer Leibert Pierce, LLC<br>Bankruptcy Department<br>1544 Old Alabama Road<br>Roswell, GA 30076-2102 | U.S. Bank Trust National Association, not in<br>BWW Law Group, LLC<br>8100 Three Chopt Road, Suite 240<br>Richmond, VA 23229-4833 |
|---|---|---|
| United States Bankruptcy Court<br>701 East Broad Street<br>Richmond, VA 23219-1888 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Amex<br>Correspondence/Bankruptcy<br>Po Box 981540<br>El Paso, TX 79998-1540 |
| Amex/Bankruptcy<br>Correspondence/Bankruptcy<br>Po Box 981540<br>El Paso, TX 79998-1540 | BCMB1 Trust<br>SN Servicing Corporation<br>323 5th Street<br>Eureka, CA 95501-0305 | BWW Law Group<br>8100 Three Chopt Rd, Ste 240<br>Henrico, VA 23229-4833 |
| Clearwater Pool Service<br>570 E. Hundred Road<br>Chester, VA 23836-2617 | Comenity Bank/Wayfair<br>Attn: Bankruptcy Dept<br>Po Box 182125<br>Columbus, OH 43218-2125 | Credit Union Of Rich<br>Po Box 26024<br>Richmond, VA 23260-6024 |
| (p)CREDIT UNION OF RICHMOND<br>ATTN NANCY ALLISON<br>1601 OWNBY LANE<br>RICHMOND VA 23220-1318 | Department Stores National Bank<br>c/o Quantum3 Group LLC<br>PO Box 657<br>Kirkland, WA 98083-0657 | Fay Servicing Llc<br>Attn: Bankruptcy Dept<br>Po Box 809441<br>Chicago, IL 60680-9441 |
| Harriet Salley Auto Sales LLC<br>4009 Mechanicsville Tpke<br>Richmond, VA 23223-1117 | Macys (p)<br>RE: Bankruptcy<br>P O Box 9001094<br>Louisville, KY 40290-1094 | Navy Federal Credit Union<br>Attn: Bankruptcy<br>Po Box 3000<br>Merrifield, VA 22119-3000 |
| Quantum3 Group LLC as agent for<br>MOMA Trust LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | U.S. Bank Trust National Association et al.<br>Fay Servicing, LLC<br>PO Box 814609<br>Dallas, TX 75381-4609 | USAA Federal Savings Bank<br>Attn: Bankruptcy<br>10750 Mcdermott Freeway<br>San Antonio, TX 78288-1600 |
| W. Harold Talley<br>4905 Radford Ave<br>Suite 200<br>Richmond, VA 23230-3525 | Harriet E. Salley<br>4932 Topping Lane<br>Glen Allen, VA 23060-2405 | Jeanne E. Hovenden<br>Jeanne E. Hovenden, P.L.L.C.<br>9830 Lori Road<br>P O Box 1839<br>Chesterfield, VA 23832-9108 |
| John P. Fitzgerald, III<br>Office of the US Trustee - Region 4 -R<br>701 E. Broad Street, Ste. 4304<br>Richmond, VA 23219-1849 | Suzanne E. Wade<br>341 Dial 877-996-8484 Code 2385911<br>7202 Glen Forest Drive, Ste. 202<br>Richmond, VA 23226-3770 | |