UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| In re: | ) |
| | ) |
| Harriet E. Salley | ) Chapter 13 |
| | ) Case No. 20-33649-KRH |
| Debtor. | ) |
| | ) |

**OBJECTION TO CONFIRMATION OF MODIFIED CHAPTER 13 PLAN**

W. Harold Talley I, LLC ("**Talley**"), by counsel, respectfully objects to confirmation of the Modified Chapter 13 Plan and Related Motions dated January 10, 2022 (the "**Modified Plan**") filed by and proposed by Harriet E. Salley (the "**Debtor**"). In connection therewith, Talley respectfully states as follows:

The Talley Loan

1. In June 2017, Talley made a loan to Salley Auto Group, LLC (the "**Talley Loan**"). The Debtor is the owner of Salley Auto Group, LLC and guarantor of the Talley Loan. The Talley Loan has been in default continuously since June, 2019 and remains in default. The Talley Loan was accelerated in August, 2020.

2. The Talley Loan was secured by two pieces of real property – (i) property owned by Mary E. Salley, the Debtor's mother ("**Mary Salley**"), and located at 5200 Campbell Avenue, Richmond, VA 23231 (the "**Mary Salley Property**") and (ii) property owned by the Debtor and located at 6647 Wexford Lane, Richmond, VA 23225 (the "**Debtor Property**").

Counsel for W. Harold Talley I, LLC
David R. Ruby, Esquire (VSB #22703)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

3. Mary Salley is the debtor in a companion Chapter 13 case – Chapter 13 Case No. 21-30064-KLP (the "**Mary Salley Case**"). Pursuant to the Court's *Order Allowing Sale of Real Property* entered November, 24, 2021 in the Mary Salley Case (Doc. 63) (the "**Sale Order**"), the Court authorized Mary Salley to sell the Mary Salley Property. Talley was to receive all net sale proceeds.

4. Closing took place on January 14, 2022, and Talley received net proceeds in the amount of $170,258.01 on January 17, 2022 (the "**Net Sale Proceeds**"). After application of the Net Sale Proceeds against the balance owed under the Talley Loan, the remaining balance due as of January 17, 2022 was $67,538.40 (the "**Talley Loan Balance**") with *per diem* interest in the amount of $33.77, late handling fees, legal fees and other charges, costs and expenses continuing to accrue – all such interest, late handling fees, legal fees and other charges, costs and expenses to be added to the Talley Loan Balance.

5. On February 8, 2022 and pursuant to the Sale Order, Talley amended its proof of claim – Claim 8 (the "**Talley Amended Proof of Claim**") to account for the sale of the Mary Salley Property and application of the Net Sale Proceeds against the balance owed under the Talley Loan. Documentation and information evidencing, reflecting and supporting the Talley Loan and the Talley Loan Balance are contained within the Talley Amended Proof of Claim.

6. The Debtor remains obligated on the Talley Loan within the Debtor's bankruptcy case and the Talley Loan continues to be secured by the Debtor Property.

<u>Talley Objections to Modified Plan</u>

7. The Modified Plan fails on a number of counts, including, but not limited to, the following:

First, the Modified Plan provides for payments to the Trustee of $2,155.79 per month for fourteen (14) months followed by payments to the Trustee of $3,224.14 per month for forty-eight (48) months -- based upon monthly net income of $2,489.51. To arrive at monthly net income, the Debtor includes as gross income "Son's contribution" of $2,000.00 and "Housemate's Contribution" of $2,000.00. Of the Debtor's gross monthly income of $10,219.00, $4,000.00 or thirty-nine percent (39%) emanates from these contributions. Talley questions whether these contributions can be relied upon. Even if they can be relied upon, the Debtor's own calculations reflect a shortfall of $734.63 per month commencing in month 15.

Second, the Modified Plan notes a regular monthly mortgage payment on the first mortgage on the Debtor Property in the amount of $1,355.00. On information and belief, this payment will be made directly to the lender outside of the Modified Plan. Nonetheless, the payment is not reflected or accounted for as a Debtor expense in her Schedule of Expenses. In and of itself, this creates a shortfall of $1,021.28 per month.

Third, the Modified Plan provides for the Debtor to cure arrearages owed to Talley on the Talley Loan over 58 months -- $1,129.90 per month based upon an arrearage of $50,000 at an interest rate of ten percent (10%). First mistake: the arrearage as of January 17, 2022 is the Talley Loan Balance -- $67,538.40, not $50,000, and the Talley Loan Balance continues to increase. Second mistake: the contract rate of interest is eighteen percent (18%), not ten percent (10%). Third mistake: to pay the current arrearage – the Talley Loan Balance – over 58 months, the monthly payment would need to be at least $1,751.72, not $1,129.90. This creates an additional shortfall of $621.82 per month.

In short, the Modified Plan lacks feasibility. The math just does not work.

WHEREFORE, Talley respectfully requests the Court to deny confirmation of the Debtor's Modified Chapter 13 Plan and to grant such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

W. Harold Talley I, LLC

By:    /s/ *David R. Ruby*
       David R. Ruby

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2022, a true and accurate copy of the foregoing Objection was served via First Class U.S. Mail (postage prepaid), via e-mail or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

Shannon F. Pecoraro, Esquire*
Office of the United States Trustee,
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
[Shannon.Pecoraro@usdoj.gov]
[USTPRegion04.RH.ECF@usdoj.gov]

Suzanne E. Wade, Esquire*
7202 Glen Forest Drive, Suite 202
Richmond, VA 23226
[Chapter 13 Trustee]

Elizabeth C. Brogan, Esquire*
7202 Glen Forest Drive, Suite 202
Richmond, VA 23226
[Counsel for Chapter 13 Trustee]

Jeanne E. Hovenden, Esquire*
Jeanne E. Hovenden, P.L.L.C.
9830 Lori Road
P O Box 1839
Chesterfield, VA 23832
[Debtor's counsel]

Harriet E. Salley
4932 Topping Lane
Glen Allen, VA 23060
[Debtor]

      /s/ *David R. Ruby*
       David R. Ruby

*Indicates service by ECF or e-mail. All others served by First Class U.S. Mail, postage prepaid.]