| **Fill in this information to identify the case:** |
| --- |
| **Debtor 1**     Harriet E. Salley |
| **Debtor 2**<br>(Spouse, if filing) |
| United States Bankruptcy Court for the : <u>Eastern</u>          **District of**  <u>Virginia</u><br>                                                                                                              (State) |
| **Case number**    20-33649-KRH |

# Official Form 410S1
# Notice of Mortgage Payment Change                                       12/15

**If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.**

| | | | |
|---|---|---|---|
| **Name of creditor:** | U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-RP3 | **Court claim no.** (if known): | 6 |
| **Last four digits** of any number you use to identify the debtor's account: | XXXXXX1324 | **Date of payment change:**<br>Must be at least 21 days after date of this notice | 7/1/2021 |
| | | **New total payment:**<br>Principal, interest, and escrow, if any | $1,335.00 |

## Part 1:   Escrow Account Payment Adjustment

1. **Will there be a change in the debtor's escrow account payment?**

   ☒ No
   ☐ Yes.  Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law.  Describe the basis for the change.  If a statement is not attached, explain why: _____
   _____

   **Current escrow payment:**         $ _____          **New escrow payment :**         $ _____

## Part 2:   Mortgage Payment Adjustment

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate account?**

   ☐ No
   ☒ Yes  Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law.  If a notice is not attached, explain why: _____

   **Current interest rate:**                6.000%              **New interest rate:**              6.000%
   **Current principal and interest payment:**   $ 1,068.55       **New principal and interest payment:**   $ 1,059.00

## Part 3:   Other Payment Change

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

   ☒ No
   ☐ Yes.  Attach a copy of any documents describing the basis for the change, such as repayment plan or loan modification agreement.
       *(Court approval may be required before the payment change can take effect.)*

   Reason for change: _____

   **Current mortgage payment:**         $ _____          **New mortgage payment:**         $ _____

| Debtor 1 | **Harriet E. Salley** | Case number *(if known)* 20-33649-KRH |
|---|---|---|
| | First Name   Middle Name   Last Name | |

# Part 4: Sign Here

The person completing this Notice must sign it.  Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent

**I declare under penalty of perjury that the information provided in this Notice is true and correct to the best of my knowledge, information, and reasonable belief.**

| X | /s/Kinnera Bhoopal | | Date | 12/10/2021 |
|---|---|---|---|---|
| | Signature | | | |
| Print: | Kinnera | Bhoopal | Title | Authorized Agent for Creditor |
| | First Name    Middle Name | Last Name | | |
| Company | McCalla Raymer Leibert Pierce, LLC | | | |
| Address | 1544 Old Alabama Road | | | |
| | Number    Street | | | |
| | Roswell    GA    30076 | | | |
| | City    State    ZIP Code | | | |
| Contact phone | (312) 348-9088 X5172 | | Email | Kinnera.Bhoopal@mccalla.com |

*Under Rule 3002.1(b) of the Federal Rules of Bankruptcy Procedure, the holder of a claim shall file a notice of any change in payment amount, no later than 21 days before a payment in the new amount is due. Creditor requests that since the debtor's payment decreased on 7-1-2021 that the payment effective date is 7-1-2021.

| | |
|---|---|
| In Re: | Bankruptcy Case No.: 20-33649-KRH |
| | Chapter: 13 |
| Harriet E. Salley | Judge: Kevin R. Huennekens |

## CERTIFICATE OF SERVICE

I, Kinnera Bhoopal, of McCalla Raymer Leibert Pierce, LLC, 1544 Old Alabama Road, Roswell, GA 30076, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the date below, I caused to be served a copy of the within NOTICE OF MORTGAGE PAYMENT CHANGE filed in this bankruptcy matter on the following parties at the addresses shown, by regular United States Mail, with proper postage affixed, unless another manner of service is expressly indicated:

Harriet E. Salley
4932 Topping Lane
Glen Allen, VA 23060

Jeanne E. Hovenden            *(served via ECF Notification)*
Jeanne E. Hovenden, P.L.L.C.
9830 Lori Road
P O Box 1839
Chesterfield, VA 23832

Suzanne E. Wade, Trustee      *(served via ECF Notification)*
7202 Glen Forest Drive, Ste. 202
Richmond, VA 23226

John P. Fitzgerald, III       *(served via ECF Notification)*
Office of the US Trustee - Region 4-R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:  __12/10/2021__   By:   __/s/Kinnera Bhoopal__
                (date)                      Kinnera Bhoopal
                                              Authorized Agent for Creditor

# LOAN MODIFICATION AGREEMENT
## (Providing for Fixed Interest Rate)

Loan No.: ■

After recording please return to:
ServiceLink
Attn: Loan Modification Solutions
3220 El Camino Real
Irvine, CA 92602

Prepared by:
Fay Servicing, LLC
Modification Processing Department
440 S. LaSalle St., Ste. 2000
Chicago, IL 60605

Original Principal Amount $154,275.00
Unpaid Principal Amount $124,865.35
New Principal Amount $154,751.17
Total Cap Amount $29,885.82

Exemption Code: 58.1-803(D)

Borrower(s):
HARRIET SALLEY

Lender:
Fay Servicing, LLC as attorney in fact for U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-RP3

Property Address:
6647 WEXFORD LN, RICHMOND, VA 23225

Parcel Identification No.: ■

Original Mortgage Reference
Dated Date: **May 7, 2004**
Recorded Date: **May 17, 2004**
Instrument No: ■
Book/Page:        /

---

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument
The Compliance Source, Inc.
Page 1 of 8

Form 3179 1/01 (rev. 4/14)
23703VA 10/01 Rev. 03/17
©2001-2017, The Compliance Source, Inc.

Parcel Identification No.: ▮
After recording please return to:
ServiceLink
Attn: Loan Modification Solutions
3220 El Camino Real
Irvine, CA 92602

Prepared by:
Fay Servicing, LLC
Modification Processing Department
440 S. LaSalle St., Ste. 2000
Chicago, IL 60605

———————————————— *[Space Above This Line For Recording Data]* ————————————————

Original Principal Amount $154,275.00
Unpaid Principal Amount $124,865.35
New Principal Amount $154,751.17
Total Cap Amount $29,885.82

Investor Loan No: ▮
Loan No: ▮

# LOAN MODIFICATION AGREEMENT
# (Providing for Fixed Interest Rate)

Exemption Code: 58.1-803(D)

This Loan Modification Agreement ("Agreement"), made this 1st day of **June, 2021**, between **HARRIET E. SALLEY** ("Borrower") and **THOMAS J. SALEN**, as Trustee whose address is , and **Fay Servicing, LLC as attorney in fact for U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-RP3** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated **May 7, 2004**, in the amount of **$154,275.00** and recorded on **May 17, 2004** in Book, Volume, or Liber No.               , at Page            (or as Instrument No. **040016079**) , of the **Official** (Name of Records) Records of **Richmond City, VIRGINIA** (County and State, or other jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**6647 WEXFORD LN, RICHMOND, VA 23225**
(Property Address)

the real property described being set forth as follows:
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **July 1, 2021**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$154,751.17**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument
The Compliance Source, Inc.
Page 2 of 8
Form 3179 1/01 (rev. 4/14)
23703VA 10/01 Rev. 03/17
©2001-2017, The Compliance Source, Inc.

2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **6.000%**, from **June 1, 2021**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,059.00**, beginning on the 1st day of **July, 2021**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **6.000%** will remain in effect until principal and interest are paid in full. If on **May 1, 2043** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.  If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

    b)  all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.  Borrower understands and agrees that:

    a)  All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    b)  All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument